Argued November 18; decided December 23, 1895.

## WILLIS *v.* HOLMES.
[42 Pac. 988.]

This action was brought by W. R. Willis, as administrator of the estate of M. B. Holmes, deceased, to recover from F. W. Holmes the sum of twelve thousand two hundred and thirty dollars as double damages, under section 1125 of Hill's Code. The complaint alleges "That before said administration was granted the defendant did embezzle, alien, and convert to his own use, five thousand five hundred dollars in money, one promissory note, given by James Velzian to said

deceased, of the value of three hundred dollars, and one promissory note, given by J. A. Kirkendall to deceased, of the value of three hundred and fifteen dollars, all the property of said deceased, M. B. Holmes, to plaintiff's damage as such administrator in the sum of six thousand one hundred and fifteen dollars." The answer contains a specific denial of all the allegations of the complaint. At the close of plaintiff's testimony the court, on motion, gave the defendant a judgment of nonsuit upon the ground that the plaintiff had failed to prove a cause sufficient to be submitted to the jury, and such ruling is the only assignment of error on this appeal.                    AFFIRMED.

APPEAL from Douglas: J. C. FULLERTON, Judge.

For appellant there was a brief by *Messrs. W. R. Willis, in pro. per., A. M. Crawford,* and *Guy G. Willis.*

For respondent there was a brief by *Mr. J. W. Hamilton.*

Opinion by MR. CHIEF JUSTICE BEAN.

In our opinion the testimony was manifestly insufficient to warrant a verdict in favor of the plaintiff. The most that can be claimed for it is that about six months before the death of plaintiff's intestate he received five thousand five hundred dollars for property sold to one Smith, but what disposition he made of it does not appear. At that time he lived alone on a farm some miles from Roseburg, but soon after was taken sick, removed to Smith's house, and thence to Roseburg, where he died in February, eighteen hundred and ninety-four; that during the last two months of his life he was taken care of principally by the

defendant, who is his nephew, and the only relative in the state; that during this time he made different statements to the defendant about his money and property, saying that he had been robbed, and that if anything happened to look behind a certain log. A few days before his death, among other rambling and incoherent statements he said, "Floyd," meaning the defendant, "over behind that log you will find something." The evidence further shows that about three weeks before his uncle's death the defendant, in conversation with the plaintiff about his uncle's financial affairs, said he believed that Smith had paid for the property purchased by him, and that his uncle had the money then, for he told him where to look for it after his death, and that he also believed his uncle had the Velzain note, and that the Kirkendall note had not been paid, although the mortgage given to secure it had been satisfied of record. The evidence also shows that defendant made no search for money or property after his uncle's death, and, indeed, there is no testimony that the deceased had any money at the time of his death, or during the time the defendant was caring for him, and there is not a scintilla of evidence in the record to show that defendant received any money or property belonging to his uncle or his estate, or ever saw or knew that he had any. And, furthermore, he was put on the stand by plaintiff, and testified in most positive and unequivocal terms to the contrary. Under these circumstances and this character of testimony the court very properly allowed the motion for a nonsuit.                    AFFIRMED.